LINDA ALLAN, Appellant, v. LOUIS A. LEVY, M.D., Respondent.

No. 22923

February 4, 1993          846 P.2d 274

---

*Robert C. Bell,* Reno; *Neil C. Newson & Associates,* Beverly Hills, California, for Appellant.

*Osborne and Gamboa* and *Garrett Sutton,* Reno, for Respondent.

## OPINION

*Per Curiam:*

Appellant Linda M. Allan received surgery to correct an injury which she sustained at work. Allan thereafter filed suit against respondent Louis A. Levy, M.D., for medical malpractice, including failure to obtain informed consent to perform the surgery. After a five-day trial, the jury returned a verdict in favor of the respondent physician. Because the jury received an unwarranted and prejudicial instruction, we are constrained to vacate the judgment entered below and remand this case for a new trial.

### FACTS

On January 6, 1984, Allan sustained an injury to her back

while moving milk crates at her place of employment. Unable to work, Allan received treatment for her injury from Dr. David Eckert. Allan recovered sufficiently to return to work; however, she soon re-injured her back. Dr. Eckert then referred Allan to the respondent neurosurgeon, Louis A. Levy. Dr. Levy ordered a series of diagnostic tests, including an EMG, a CAT scan and a myelogram. After completion and review of the tests, Dr. Levy concluded that a lumbar laminectomy should be performed and scheduled it for the following day.

At approximately 6:00 p.m. on March 6, 1984, the evening before the morning of the scheduled operation, Dr. Levy visited with Allan and briefly discussed the proposed surgery. During that conversation, Allan was apprehensive about the impending surgery and indicated that she would like to view the results of her testing prior to signing the consent to surgery form. Dr. Levy told Allan that he would show her the results of her testing, but failed to return after leaving her hospital room. At approximately 7:30 p.m., a nurse asked Allan to sign the consent to surgery form. Allan indicated that she would not sign until her condition and her upcoming surgery were made clear to her. Thereafter she was given a sleeping pill and valium. In an effort to obtain Allan's consent to submit to surgery, Dr. Levy spoke to Allan on the telephone sometime between 9:00 p.m. and 10:30 p.m. After this discussion, Allan signed the hospital's consent to surgery form.

The following day Dr. Levy performed a diskectomy and laminectomy on Allan which resulted in a surgical complication. During the course of the laminectomy, the probe used by Dr. Levy extended approximately three centimeters beyond the desired area and nicked the common iliac artery. The complication caused hemorrhaging and necessitated a second surgery.

Dr. Sherwood Dixon, a vascular surgeon, was summoned to assist in stopping the bleeding and to repair the damaged blood vessel. After the second surgery, Allan made a difficult but otherwise uneventful ''recovery.''

Allan instigated this action by filing a complaint against Dr. Levy with the Medical-Legal Screening Panel. The screening panel issued written findings of fact, concluding that there was no reasonable probability of medical malpractice. Thereafter, Allan filed a complaint in the district court alleging the same causes of action. The matter proceeded to trial by jury and culminated in a defense verdict from which Allan appeals.

## DISCUSSION

Allan's primary contention on appeal is that it was error to give jury instruction number 26 regarding conclusive consent. Specifically, Allan argues that the Washoe Medical Center ''CONSENT

TO SURGERY" form did not meet, as a matter of law, the requirements of conclusivity established by NRS 41A.110 upon which instruction number 26 was based. We agree.

The requirements of NRS 41A.110[1] are not necessarily essential to obtaining a valid informed consent to perform surgery. However, the requirements enumerated within NRS 41A.110 must be satisfied in their entirety for a physician to obtain *conclusive consent* to perform surgery upon a patient.

NRS 41A.110(4) requires a physician to obtain "the signature of the patient to a statement containing an explanation of the procedure, alternative methods of treatment and risks involved, as provided in this section." A careful review of the consent form signed by Allan reveals nonconformity with the statutory requisites as a matter of law. The form did not contain an explanation of the procedure, alternative methods of treatment or the risks inherent in the procedure.

Because the consent form signed by Allan did not comply with the statutory prerequisites for a conclusive consent, it was error of a reversible magnitude to submit a conclusive consent instruction to the jury. A litigant is entitled to have the jury instructed on all theories of his or her case which are supported by the evidence. Beattie v. Thomas, 99 Nev. 579, 583, 668 P.2d 268, 271 (1983). However, if a jury instruction relating to a litigant's theory of complaint or defense is not supported by the trial evidence, the instruction should not be given. Village Development Co. v. Filice, 90 Nev. 305, 312, 526 P.2d 83, 87-88 (1974). Based upon the law cited in *Filice,* we conclude that unsupported jury instruction number 26 constitutes a sufficiently serious

---

[1]NRS 41A.110 provides:

Consent of patient: When conclusively established. A physician licensed to practice medicine under the provisions of chapter 630 of NRS has conclusively obtained the consent of a patient for a medical or surgical procedure if he has done the following:

1.  Explained to the patient in general terms without specific details, the procedure to be undertaken;

2.  Explained to the patient alternative methods of treatment, if any, and their general nature;

3.  Explained to the patient that there may be risks, together with the general nature and extent of the risks involved, without enumerating such risks; and

4.  Obtained the signature of the patient to a statement containing an explanation of the procedure, alternative methods of treatment and risks involved, as provided in this section.

source of jury confusion and misunderstanding to mandate reversal.

Having determined that reversible error resulted from giving the instruction involving conclusive consent, we deem it unnecessary to discuss the other issues raised by Allan.

For the reasons set forth above, we reverse the judgment of the district court and remand this case for a new trial.[2]

---

[2]The Honorable Miriam Shearing, Justice, did not participate in the decision of this matter.